The Judges,
having considered this case fully, were of opinion, that if it was necessary to go again into the first ground made in this case, that it should be governed by the principles laid down in the case of M'Fadden and Wife v. Haley, ante, and in this case, upon a former motion to set aside a nonsuit, at the same term," ante, but as this point had been previously settled in those and one or two other cases, they did not think it now necessary to give any further opinion upon it.
Upon the second ground, however, they had no doubt but a new trial should be granted, on the ground that parol testimony should have been admitted, to have explained any mistake in the location of the land mentioned in the grant under which the defendant claimed ; and that such explanation was not repugnant to the statute of frauds, as had been contended for by the plaintiff. That our courts of justice had frequently permitted witnesses to be sworn, in order to rectify any mistake in the location of land, or even to explain deeds in cases of ambiguity or uncertainty, yr¡d thf ca?£ of White and Egan, quoted in the argument. *542 was strong to that purpose. Where a grant called for a certain tract of land on the souths which was bounded on it to the north ; in that case, witnesses were called to explain the mistake in the original grant, and to show the true situation and location of the land in dispute. And the authorities in the books are numerous on that head.
2 Bl. Rep. 1249. SDuvnf. & East, 47*4. 2 Mk. 98, 99. S Mk. 389.
Rule for new trial made absolute.
All the Judges present.